MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JORGE ALBERTO REANOS AVILA (A.K.A. JUAN),

                *Plaintiff*,

    -against-

NEW HUDSON FAMILY RESTAURANT INC. (D/B/A HUDSON BUFFET), DAVID KONG, SUZHEN NI (A.K.A. SUSAN), JOHN DOE (A.K.A. MR. WONG), ANN HSIUNG, and LINDA KLEINHENZ,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**ECF Case**

Plaintiff Jorge Alberto Reanos Avila (a.k.a. Juan) ("Plaintiff Reanos" or "Mr. Reanos"), individually, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against New Hudson Family Restaurant Inc. (d/b/a Hudson Buffet), ("Defendant Corporation"), David Kong, Suzhen Ni (a.k.a. Susan), John Doe (a.k.a. Mr. Wong), Ann Hsiung, and Linda Kleinhenz, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Reanos is a former employee of Defendants New Hudson Family Restaurant Inc. (d/b/a Hudson Buffet), David Kong, Suzhen Ni (a.k.a. Susan), John Doe (a.k.a. Mr. Wong), Ann Hsiung, and Linda Kleinhenz.

2. Defendants own, operate, or control a Chinese buffet-style restaurant, located at 10 Westage Business Center Dr. (a.k.a. 18 Westage Dr., Suite 10), Fishkill, New York 12524 under the name "Hudson Buffet".

3. Upon information and belief, individual Defendants David Kong, Suzhen Ni (a.k.a. Susan), John Doe (a.k.a. Mr. Wong), Ann Hsiung, and Linda Kleinhenz, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Reanos was employed as a cook at the restaurant located at 10 Westage Business Center Dr. (a.k.a. 18 Westage Dr., Suite 10), Fishkill, New York 12524.

5. At all times relevant to this Complaint, Plaintiff Reanos worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Reanos appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Reanos the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reanos to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Reanos now brings this action on behalf of himself, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"),

and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Reanos's state law claims under 28 U.S.C. § 1367(a).

11. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Chinese buffet-style restaurant located in this district. Further, Plaintiff Reanos was employed by Defendants in this district.

## PARTIES

*Plaintiff*

12. Plaintiff Jorge Alberto Reanos Avila (a.k.a. Juan) ("Plaintiff Reanos" or "Mr. Reanos") is an adult individual residing in Nassau County, New York.

13. Plaintiff Reanos was employed by Defendants at Hudson Buffet from approximately May 31, 2011 until on or about November 16, 2018.

*Defendants*

14. At all relevant times, Defendants owned, operated, or controlled a Chinese buffet-style restaurant, located at 10 Westage Business Center Dr. (a.k.a. 18 Westage Dr., Suite 10), Fishkill, New York 12524 under the name "Hudson Buffet".

15. Upon information and belief, New Hudson Family Restaurant Inc. (d/b/a Hudson Buffet) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 10 Westage Business Center Dr. (a.k.a. 18 Westage Dr., Suite 10), Fishkill, New York 12524.

16. Defendant David Kong is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Kong is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant David Kong possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reanos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

17. Defendant Suzhen Ni (a.k.a. Susan) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Suzhen Ni (a.k.a. Susan) is sued individually in her capacity as a manager of Defendant Corporation. Defendant Suzhen Ni (a.k.a. Susan) possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Reanos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

18. Defendant John Doe (a.k.a. Mr. Wong) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe (a.k.a. Mr. Wong) is sued individually in his capacity as a manager of Defendant Corporation. Defendant John Doe (a.k.a. Mr. Wong) possesses operational control over Defendant Corporation

and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reanos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Ann Hsiung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ann Hsiung is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ann Hsiung possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Reanos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Linda Kleinhenz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Linda Kleinhenz is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Linda Kleinhenz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Reanos, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a Chinese buffet-style restaurant located in the Fishkill village in the Dutchess County, New York.

22. Individual Defendants, David Kong, Suzhen Ni (a.k.a. Susan), John Doe (a.k.a. Mr. Wong), Ann Hsiung, and Linda Kleinhenz, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Reanos's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Reanos.

25. Defendants jointly employed Plaintiff Reanos and are Plaintiff Reanos's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Reanos.

27. Upon information and belief, Individual Defendants David Kong, Ann Hsiung, and Linda Kleinhenz operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Reanos's employers within the meaning of the FLSA and New York Labor Law.

29. Defendants had the power to hire and fire Plaintiff Reanos, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Reanos's services.

30. In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Plaintiff Jorge Alberto Reanos Avila (a.k.a. Juan)*

32. Plaintiff Reanos was employed by Defendants from approximately May 31, 2011 until on or about November 16, 2018.

33. Defendants employed Plaintiff Reanos as a cook.

34. Plaintiff Reanos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

35. Plaintiff Reanos's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Reanos regularly worked in excess of 40 hours per week.

37. From approximately November 2012 until on or about November 16, 2018, Plaintiff Reanos worked from approximately 10:30 a.m. until on or about 9:50 p.m. to 10:30 p.m., 4 days a week, and from approximately 10:30 a.m. until on or about 11:30 p.m., 2 days a week (typically 71.2 to 74 hours per week).

38. Throughout his employment, Defendants paid Plaintiff Reanos his wages in cash in a bi-weekly fashion.

39. From approximately November 2012 until on or about September 2013, Defendants paid Plaintiff Reanos a fixed salary of $500 per week.

40. From approximately October 2013 until on or about April 2014, Defendants paid Plaintiff Reanos a fixed salary of $550 per week.

41. From approximately May 2014 until on or about November 2014, Defendants paid Plaintiff Reanos a fixed salary of $575 per week.

42. From approximately November 2014 until on or about May 2015, Defendants paid Plaintiff Reanos a fixed salary of $600 per week.

43. From approximately May 2015 until on or about December 2017, Defendants paid Plaintiff Reanos a fixed salary of $625 per week.

44. From approximately January 2018 until on or about November 16, 2018, Defendants paid Plaintiff Reanos a fixed salary of $637.50 per week.

45. Defendants did not pay Plaintiff Reanos any wages for his work performed on his last day of employment.

46. Plaintiff Reanos's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

47. For example, Defendants required Plaintiff Reanos to work an additional 15 to 20 minutes past his scheduled departure time three days a week, and did not pay him for the additional time he worked.

48. Defendants never granted Plaintiff Reanos any breaks or meal periods of any kind.

49. Plaintiff Reanos was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. Starting in January 2018, Defendants required Plaintiff Reanos to sign a document, the contents of which he was not allowed to review in detail.

51. In addition, starting in January 2018 and in order to get paid, Plaintiff Reanos was required to sign a document in which Defendants misrepresented the hours that he worked per week.

52. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reanos regarding overtime and wages under the FLSA and NYLL.

53. Defendants did not provide Plaintiff Reanos an accurate statement of wages, as required by NYLL 195(3).

54. Defendants did not give any notice to Plaintiff Reanos, in English and in Spanish (Plaintiff Reanos's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55. Defendants required Plaintiff Reanos to purchase "tools of the trade" with his own funds—including two pairs of shoes per year.

*Defendants' General Employment Practices*

56. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reanos to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

57. Plaintiff Reanos was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

58. Defendants' pay practices resulted in Plaintiff Reanos not receiving payment for all his hours worked, and resulted in Plaintiff Reanos's effective rate of pay falling below the required minimum wage rate.

59. Defendants habitually required Plaintiff Reanos to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61. Starting in January 2018, Defendants required Plaintiff Reanos to sign a document the contents of which he was not allowed to review in detail.

62. Also starting in January 2018, Defendants required Plaintiff Reanos to sign a document that reflected inaccurate or false hours worked.

63. Defendants paid Plaintiff Reanos his wages in cash.

64. Defendants failed to post at the workplace, or otherwise provide to Plaintiff Reanos, the required postings or notices to Plaintiff Reanos regarding the applicable wage and hour requirements of the FLSA and NYLL.

65. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Reanos worked, and to avoid paying Plaintiff Reanos properly for his full hours worked.

66. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying Plaintiff Reanos compensation by knowingly violating the FLSA and NYLL.

67. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Reanos.

68. Defendants failed to provide Plaintiff Reanos with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69. Defendants failed to provide Plaintiff Reanos, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and Spanish (Plaintiff Reanos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Reanos's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

72. Defendants had the power to hire and fire Plaintiff Reanos, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants failed to pay Plaintiff Reanos at the applicable minimum hourly rate, in

violation of 29 U.S.C. § 206(a).

76. Defendants' failure to pay Plaintiff Reanos at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Reanos was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

78. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Reanos overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

80. Defendants' failure to pay Plaintiff Reanos overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Reanos was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

82. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

83. At all times relevant to this action, Defendants were Plaintiff Reanos's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

84. Defendants had the power to hire and fire Plaintiff Reanos, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

85. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Reanos less than the minimum wage.

86. Defendants' failure to pay Plaintiff Reanos the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. Plaintiff Reanos was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

88. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Reanos overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90. Defendants' failure to pay Plaintiff Reanos overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff Reanos was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

92. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to pay Plaintiff Reanos one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Reanos's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

94. Defendants' failure to pay Plaintiff Reanos an additional hour's pay for each day PlaintiffReanos's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

95. Plaintiff Reanos was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

96. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to provide Plaintiff Reanos with a written notice, in English and in Spanish (Plaintiff Reanos's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

98. Defendants are liable to Plaintiff Reanos in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

100. With each payment of wages, Defendants failed to provide Plaintiff Reanos with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

101. Defendants are liable to Plaintiff Reanos in the amount of $5,000, together with costs and attorneys' fees.

## **EIGHTH CAUSE OF ACTION**

## **RECOVERY OF EQUIPMENT COSTS**

102. Plaintiff Reanos repeats and realleges all paragraphs above as though fully set forth herein.

103. Defendants required Plaintiff Reanos to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

104. Plaintiff Reanos was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reanos respectfully requests that this Court enter judgment against Defendants by:

(a) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reanos ;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reanos ;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Reanos's compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Reanos;

(e) Awarding Plaintiff Reanos damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Reanos liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reanos;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reanos;

(i) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Reanos;

(j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Reanos's compensation, hours, wages and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Reanos;

(l) Awarding Plaintiff Reanos damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m) Awarding Plaintiff Reanos damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Reanos liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o) Awarding Plaintiff Reanos pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Reanos the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

  (r)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Reanos demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
    November 28, 2018

                MICHAEL FAILLACE & ASSOCIATES, P.C.

          By:   /s/ Michael Faillace
              Michael Faillace [MF-8436]
              60 East 42nd Street, Suite 4510
              New York, New York 10165
              Telephone: (212) 317-1200
              Facsimile: (212) 317-1620
              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 26, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Jorge Alberto Reaños Avila

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *Jorge A. Reaños Avila*

Date / Fecha:   26 de Noviembre del 2018

Certified as a minority-owned business in the State of New York